**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JACQUAN SMITH** | : | **NO. 25-436** |

# MEMORANDUM

**Savage, J.** **September 1, 2026**

Defendant Jacquan Smith argues that the ban on possession of a firearm by a felon is unconstitutional both on its face and as applied to him. He contends 18 U.S.C. § 922(g)(1) abridges his Second Amendment right to bear arms. That argument has been rejected by the Third Circuit which has held that the ban on possessing firearms by persons on supervised release is constitutional. *United States v. Moore*, 111 F. 4th 266 (3d Cir. 2024).

Smith's second argument that section 922(g)(1) is unconstitutional as applied to him also fails. We have repeatedly held that section 922(g)(1) as applied to persons convicted of multiple felonies is not unconstitutional. *United States v. Stone*, 2023 WL 8832438 (E.D.Pa. Dec. 21, 2023); *United States v. Thomas*, 2023 WL 8832448 (E.D.Pa. Dec. 21, 2023) (collecting cases); *United States v. Williams*, 2024 WL 69141 (E.D.Pa. Jan. 5, 2024); *United States v. Regis*, 2024 WL 83497 (E.D.Pa. Jan. 8, 2024); *United States v. Pugh*, 2024 WL 1333036 (E.D.Pa. Mar. 28, 2024). We do not reiterate our reasoning in those cases. Suffice to say that no decision of the Third Circuit or the Supreme Court casts doubt on those rulings.

In determining an as-applied challenge to a firearm ban, the Third Circuit has emphasized that the determinative factor is dangerousness. That requires an assessment of the "convict's entire criminal history and post-conviction conduct indicative of dangerousness, along with his predicate offense and the conduct giving rise to that conviction." *Pitsilides v. Barr*, 120 F. 4th 203, 210-212 (3d Cir. 2025).

The dangerousness test here supports applying the firearm ban to Smith. His extensive criminal history includes convictions for drug trafficking, robberies, and multiple firearms offenses. Additionally, he violated state probation and federal supervised release. He falls into the category of persons who present an unacceptable risk of danger. Thus, section 922(g)(1) as applied to Smith is not unconstitutional.

Smith suggests that his use of a firearm in a secure and safe environment, a federally registered range, mitigates against a finding that he presented a danger. He focuses on how and when he was using the firearm. The prohibition is based on the defendant's status as a felon, not on how he used the firearm at that moment. He need not have a criminal objective.

Smith emphasizes that he did not own the firearm. The offense is for possessing a firearm, not owning it.

For these reasons, we deny Smith's motion to dismiss the indictment.